UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CALVIN L. BULLUCK,

                              Plaintiff,

v.                                                      3:24-CV-0347
                                                              (GTS/ML)

RONALD R. BENJAMIN, ESQ., in his individual
and official capacity; and PAUL F. BATTISTI, ESQ.,
in his individual and official capacity,

                              Defendants.
_____

APPEARANCES:

CALVIN L. BULLUCK, 24-B-2526
  Plaintiff, *Pro Se*
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, New York 12821

GLENN T. SUDDABY, United States District Judge

### DECISION and ORDER

       Currently before the Court, in this *pro se* civil rights action filed by Calvin L. Bulluck ("Plaintiff") against the two above-captioned individuals ("Defendants"), are United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed without prejudice but without leave to amend for failure to state a claim upon which relief can be granted, and Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 10, 16.)

       Even when construed with the utmost of special leniency, Plaintiff's Objection contains

no specific challenge[1] to any portion of the Report-Recommendation. (*Compare* Dkt. No. 16 *with* Dkt. No. 10.) Rather, in his Objection, Plaintiff (1) attempts to restate his two asserted claims and the factual allegations supporting them, (2) argues that both his breach-of-contract claim and constitutional claim are viable, and (3) requests the appointment of counsel. (*See generally* Dkt. No. 16.)

In any event, even if Plaintiff's Objection could be liberally construed as containing specific challenges to various portions of the Report-Recommendation, the Court finds, after carefully reviewing the relevant papers herein, no error[2] in such portions, and no clear error[3] in the remaining portions of the Report-Recommendation: Magistrate Judge Lovric employed the

---

[1] To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

[3] When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 10.) As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein. (*Id*.) To those reasons, the Court adds three points.

First, Magistrate Judge Lovric identified two defects in Plaintiff's attempted Sixth Amendment claim for denial of his right to counsel: (1) the lack of factual allegations plausibly suggesting that either Defendant was a state actor for purposes of 42 U.S.C. § 1983; and (2) the lack of factual allegations plausibly suggesting either a conspiracy or joint action. (Dkt. No. 10, at 5-6 & n.4.) Given the nature, length and detail of Plaintiff's 14-page, single-spaced Complaint, the Court agrees with Magistrate Judge Lovric that even the most liberal reading of the Complaint gives no indication that a valid Sixth Amendment claim might be stated through an amendment. (*Id*. at 7-8.)[4] The Court would render this finding even if it were to liberally construe the factual allegations of Plaintiff's Complaint as having been effectively amended by the factual allegations of his Objection. (*Compare* Dkt. No. 1 *with* Dkt. No. 16.)[5] As a result,

---

[4] The Court notes that this no-indication standard applies even to *pro se* pleadings. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [*pro se* plaintiff's] Cuoco's causes of action [in her original complaint] is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Spain v. Ball*, 928 F.2d 61, 62 (2d Cir. 1991) ("Observing that the [*pro se* plaintiff's original] complaint did not allege facts supporting a claim of race or gender discrimination, the district court dismissed Spain's Title VII claim but granted him leave to replead. . . . [Spain] cannot allege any facts sufficient to support a Title VII claim against the Medical Service Corps, and his claim should therefore have been dismissed with prejudice."); *Black v. Vitello*, No. 20-1520-cv, 841 F. App'x 334, 336 (2d Cir. March 29, 2021) ("Amendment to the [original *pro se*] complaint would thus be futile, and so we find that the district court did not abuse its discretion in dismissing the case with prejudice."); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant [*pro se* plaintiff Brown] leave to [again] amend where it appears that amendment would prove to be unproductive or futile.").

[5] The Court notes that, in his Objection, Plaintiff (1) attempts in vain to save his Sixth Amendment denial-of-the-right-to-counsel claim by basing it also on the Fourteenth and

the Court finds no opportunity to amend need be afforded before Plaintiff's Sixth Amendment claim may be dismissed. (Dkt. No. 10, at 7-8.)[6]

Second, for the same reason that no opportunity to amend need be afforded before Plaintiff's Sixth Amendment claim may be dismissed, the Court finds that no reason exists to dismiss Plaintiff's Sixth Amendment claim only *without* prejudice under the circumstances: the defects in this claim are substantive.[7] As a result, the Court finds that Plaintiff's Sixth

---

Ninth Amendments, and (2) does not provide any factual allegations plausibly suggesting that either Defendant was a state actor, conspired with one another, or acted jointly. (Dkt. No. 16, at 1-2.)

[6] The Court also agrees with Magistrate Judge Lovric that, under the circumstances, the Court should decline to exercise supplemental jurisdiction over Plaintiff's pendant state-law claims (including his breach-of-contract claim). (Dkt. No. 10, at 6-7.)

[7] The Court perceives only four possible reasons to dismiss Plaintiff's Sixth Amendment claim without prejudice (yet not grant him leave to amend it in this action first): (1) to require him to go to the trouble of refiling that claim in a new action (which would be assigned to the undersigned as a "related case" under N.D.N.Y. General Order 12[G]); (2) to require him to go to the trouble of reapplying for *in forma pauperis* status in that new action; (3) to possibly result in a "strike" for purposes of 28 U.S.C. § 1915(g) (assuming that the Court decided the pleading sufficiency of Plaintiff's pendant state-law claims); and (4) to raise the governing limitations period as a possible impediment to re-filing suit. The Court notes that the doctrine of *res judicata* would not govern a future Sixth Amendment claim, because the first dismissal would have been without prejudice. *See Tasini v. New York Times Co., Inc.*, 184 F. Supp.2d 350, 360 (S.D.N.Y. 2002) ("Since a dismissal pursuant to Rule 12(b)(1) is without prejudice, that is, it is not on the merits and has no res judicata effect . . . .") (citation omitted); *Ammar Textile (Pvt) Ltd. v. Contitrade Servs. Corp.*, 93-CV-0237, 1994 WL 115993, at *2 (S.D.N.Y. March 30, 1994) ("A dismissal for failure to state a claim is generally considered an adjudication on the merits for res judicata purposes, . . . unless the court specifies that the dismissal is without prejudice.") (citation omitted). However, the first two consequences would cause an inconvenience to the Court as much as they would to Plaintiff. The third consequence would result regardless of whether the dismissal were with or without prejudice. *See Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020) ("Today we address whether a suit dismissed for failure to state a claim counts as a strike when the dismissal was without prejudice. We conclude that it does: The text of Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without."). Finally, granted, the fourth consequence could conceivably be avoided through only a successful reliance on either the equitable-tolling

Amendment claim should be, and is, dismissed *with* prejudice.

Third, and finally, Plaintiff's request for the appointment of counsel is denied as moot and, in the alternative, as unsupported by a showing of cause. Plaintiff's request is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989). In any event, it appears as though, to date, Plaintiff has been able to effectively litigate this action, which does not appear to present issues that are novel or more complex than those presented in most civil rights actions. As a result, the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this action. *Terminate Control Corp.*, 28 F.3d at 1341; *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 10) is **ACCEPTED** and **ADOPTED** as modified by this Decision and Order; and it is further

**ORDERED** that the Sixth Amendment claim in Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** **with prejudice**[8] for failure to state a claim upon which relief can be granted

---

doctrine or the continuing-violation doctrine (because a reliance on the relation-back rule under Fed. R. Civ. P. 15[c] would be unavailable). *See Rayo v. New York*, 882 F. Supp. 37, 40 (N.D.N.Y.1995) (McAvoy, J.) ("The relation back doctrine has application only in instances where an original pleading is amended."). However, the fact that neither doctrine would apply here would render a dismissal "without prejudice" as effectively one with prejudice anyway.

[8] The Court expressly states that this dismissal is "with prejudice" although it need not do so in order to render the dismissal with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, . . . any dismissal not under this [Rule 41]–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits."); *see, e.g., Shockley v. Vermont State Colleges*, 793 F.2d 478, 488-81

pursuant to 28 U.S.C. § 1915(e)(2)(B), and the remaining state law claims in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED** **without prejudice** to refiling in state court within the governing limitations periods; and it is further

**ORDERED** that Plaintiff's request for the appointment of counsel (Dkt. No. 16) is **DENIED** as moot and/or unsupported by a showing of cause.

Because the Court certifies that an appeal from this Decision and Order would not be taken in good faith pursuant to 28 U.S.C. 1915(a)(3), the Court revokes Plaintiff's *in forma pauperis* status on any appeal from this Decision and Order.

Dated: December 10, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

(2d Cir. 1986) (observing that "Appellant's pendent state contract claims were dismissed without prejudice while appellant's cause of action under Section 1983 was dismissed for failure to state a claim," and then relying on a Sixth Circuit case for the point of law that a "court may presume an adjudication on the merits where district court fails to specify otherwise [even where the plaintiff is pro se]."); *Stern v. Gen. Elec. Co.*, 942 F.2d 472, 477, n.7 (2d Cir. 1991) (noting that, "[b]ecause the district court did not state that the dismissal was without prejudice, we assume that a dismissal with prejudice was intended," and then relying on a Fourth Circuit case for the point of law that "A district court's dismissal under rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.").